**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Aquilar, et al., | No. CIV 06-1683-PHX-SMM |
| Plaintiffs, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| Yuma County, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss filed by Defendant Stephen J. Linde (Linde) and Jeanne Linde (together, "Defendants Linde") (Dkt. 15) and joined by Defendants Yuma County, Sheriff Ralph Ogden, Bryan Quimby, and Officer Esthela Lopez (the "County Defendants") and Defendant Irene Naputi (collectively "Defendants"). Defendants move to dismiss Plaintiff's Complaint, or alternatively, to stay the instant action pursuant to *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 817 (1976).

**BACKGROUND**

**Factual History**

Plaintiffs Ruth Aguilar, Rosa Moreno, Domonique Aguilar, Lee Montaldo and Francis Aguilar ("Plaintiffs") are relatives and statutory beneficiaries of the deceased, Margaret Aguilar ("Aguilar"). (Compl. ¶ 1-4). Linde, who does business as Northend Health Associates, contracted with Defendant Yuma County to provide medical services to inmates within the Yuma County Jail at the time the events giving rise to this action occurred.

On July 8, 2004, Aguilar was sentenced to 30 days incarceration for driving on a suspended driver's license, and subsequently booked into Yuma County Jail. (Compl. ¶ 25). Plaintiffs allege that, during the period of her incarceration, the defendants' negligence and deliberate indifference to Aguilar's medical condition caused her death. (Compl. ¶ 25-27, 29).

**Procedural History**

On June 30, 2005, Plaintiffs filed suit in Yuma County Superior Court. They have since amended their original complaint. The most recent version, the Third Amended Complaint, asserts claims for: (1) negligence, (2) intentional infliction of emotional distress, and (3) wrongful death. (Dkt. 25). The Third Amended Complaint also revised the named plaintiffs such that Plaintiff Lee Montaldo sues on behalf of himself and as representative of the statutory beneficiaries of Aguilar, which includes all of Plaintiffs. A little over a year later, on July 5, 2006, Plaintiffs filed suit in this Court, asserting claims for: (1) violations of 42 U.S.C. § 1983; (2) negligence; (3) intentional infliction of emotional distress; and (4) wrongful death.

On December 11, 2006, Defendants Linde moved to dismiss, or alternatively, to stay all federal court matters until the state case is resolved. (Dkt. 15) This motion was subsequently joined by the County Defendants (Dkt. 16) and Defendant Naputi (Dkt. 21). On January 17, 2007, Plaintiffs filed a Response to Defendant Linde's Motion to Dismiss and a Motion to Amend seeking to add "various state law claims." (Dkt. 22). Replies were filed by Defendant Naputi (Dkt. 23) on February 5, 2007, and Defendant Linde (Dkt. 24) on February 6, 2007, supporting their Motion to Dismiss and responding to Plaintiff's Motion to Amend. On June 20, 2007, the parties appeared before the Court to provide oral argument on the pending motion. After considering the briefs filed by the parties and the arguments raised before the Court, the Court issues the following Memorandum of Decision and Order on Defendant Linde's Motion to Dismiss and Plaintiff's Motion to Amend.

//

**DEFENDANT LINDE'S MOTION TO DISMISS**

## STANDARD OF REVIEW

As the Supreme Court has explained in *Colorado River* and its progeny, federal courts should decline to exercise the jurisdiction given them only in "exceptional circumstances." 424 U.S. 800; *Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). Federal courts have a "virtually unflagging" obligation to exercise their jurisdiction, *Colorado River*, 424 U.S. at 817, especially "when those seeking a hearing in federal court are asserting . . . their right to relief under 42 U.S.C. § 1983." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979). This "somewhat overstates the law because in certain circumstances a federal court may stay its proceedings in deference to pending state proceedings." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). Furthermore, the federal forum's "role as the primary protector of constitutional rights has been severely undercut" by recent Supreme Court precedent requiring federal courts to accord preclusive effect to state court rulings. *Martinez v. Newport Beach City*, 125 F.3d 777, 782 n. 6 (9th Cir. 1997) (citing *Allen v. McCurry*, 449 U.S. 90 (1980); *Migra v. Warren City School District*, 465 U.S. 75 (1984)). The decision to stay or dismiss a claim is based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

In determining whether exceptional circumstances exist to warrant a dismissal or stay on *Colorado River* abstention grounds, the Supreme Court has provided six relevant factors for courts to consider: (1) whether either the state or federal court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights. *Colorado River*, 424 U.S. at 818; *Cone*, 460 U.S. at 25-26. These factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses Cone*, 460 U.S. at 21. Moreover, "[o]nly the clearest of justifications will warrant dismissal" *Colorado River*, 424 U.S. at 818-819. The Ninth Circuit added two additional

factors to be considered: (7) whether the proceedings are substantially similar, and (8) whether the second suit is an attempt to forum shop or avoid adverse rulings by the state court. *Nakash*, 882 F.2d at 1416-17.

## DISCUSSION

**I.    Assessment of the *Colorado River* Factors**[1]

**A.    Relative convenience of the forums**

In *Colorado River*, the Supreme Court found the 300-mile distance between the federal and state forums to be significant. 424 U.S. at 820. While the distance here is a shorter 185 miles, it is still sufficient to require the parties and witnesses to travel from Yuma, where most of them reside, (Dkt. 22 at 11, 24 at 3), and to lodge in Phoenix if there were a trial. Plaintiffs suggest that, because Yuma is located within the District of Arizona, Phoenix is a presumptively reasonable location for trial. (Dkt. 22 at 11). They cite *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990), where a 200-mile distance was found "unhelpful." That case, however, did not discuss inconvenience to witnesses, and the two parties were located in different places, one in California and one in New York. *Id.* Plaintiffs' argument is unpersuasive. As described above, the *Colorado River* doctrine is not a test of dispositive factors, but a nonexclusive list of pragmatic considerations. *Cone*, 460 U.S. at 21. While the inconvenience of traveling to Phoenix alone might be insufficient to justify abstention, it should be considered along with the other factors, and here it weighs slightly for abstention.

//

//

**B.    Avoidance of piecemeal litigation**

---

[1]Since this litigation is not *in rem* or *quasi in rem*, there is no assumption of jurisdiction over any *res*, and thus this factor is not relevant. Similarly, the issue of forum shopping is not significant in this case.

- 4 -

1  Piecemeal litigation occurs when "different tribunals consider the same issue, thereby 2 duplicating efforts and possibly reaching different results." *Am. Intl. Underwriters, Inc. v.* 3 *Contl. Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  Here, with the exception of the § 1983 4 claim, the state and federal claims are essentially the same, and litigation of the § 1983 claim 5 will necessarily involve the same issues of fact as the other claims.  As discussed below, the 6 state court has been addressing this issue for over a year now, and has ruled on multiple 7 substantive motions.  It is indisputable that duplicative efforts would result from the 8 prosecution of this case in two courts.  Furthermore, different findings of fact could be made 9 by the federal and state courts which would affect the claims in both courts.  This factor 10 weighs for abstention.

11  **C.  The order in which the forums obtained jurisdiction**

12  While the "priority" in time of jurisdiction is relevant, "this factor should not be 13 measured exclusively by which complaint was filed first, but rather in terms of how much 14 progress has been made in the two actions. *Cone*, 460 U.S. at 21.  In *Nakash*, the Ninth 15 Circuit found that where a state case had progressed "far beyond" the federal case, it would 16 be highly inefficient to allow the federal litigation to proceed.  Moreover, as the Supreme 17 Court found in *Colorado River*, the "apparent absence of any proceedings in the District 18 Court, other than the filing of the complaint, prior to the motion to dismiss," was significant 19 and weighed for abstention.  In *Mottolese v. Kaufman*, 176 F.2d 301 (2d Cir.1949), where 20 parallel-suit abstention – later incorporated into *Colorado River* – began, the lapse between 21 filing of the state case and the federal case was approximately a year.  *See Evans Transp. Co.* 22 *v. Scullin Steel Co.*, 693 F.2d 715,719 (7th Cir. 1982).

23  The instant case is similar to these precedents.  Here: (1) no substantive filings were 24 made in this Court, other than the Complaint, prior to the Motion to Dismiss; and (2) the state 25 case has been proceeding for nearly two years, and Defendants Linde assert that substantial 26 discovery has progressed, with several boxes of files exchanged, and over 12 depositions 27 taken. (Dkt. 23 at 3). Defendants Linde also report that the state court has heard and decided 28 at least two substantive motions. (Dkt. 15 at 5).  Defendants Linde further reported at oral

argument that they have substantially completed discovery and are nearly ready to go to trial. This factor weighs strongly for abstention as it would be highly inefficient to allow the federal litigation to proceed.

### D. Controlling law

All of the claims in this case are controlled by Arizona law, with the notable exception of the § 1983 claim. Though the presence of a federal law issue weighs against abstention, *Tovar*, 609 F.2d at 1293, because the majority of the claims are state law issues, and the disposition of those claims will substantially affect the §1983 claim, the claims, taken together, weigh for state adjudication.

### E. Adequacy of state proceeding to protect parties' rights

Since the majority of the claims in these cases are under state law, the only possible question of adequacy is with the § 1983 claim. A district court should not be understood to be assessing the "competence or procedures" of the state court, but whether the state court has the legal ability to grant relief to which Plaintiffs may be entitled. *Cone*, 460 U.S. at 26. Plaintiffs are not precluded from bringing the § 1983 claim in state court, as Arizona courts may decide § 1983 claims. *New Times, Inc. v. Ariz. Bd. of Regents*, 110 Ariz. 367, 374 (1974). Furthermore, both punitive damages and attorney's fees are available under a § 1983 claim brought in an Arizona court. *Badia v. City of Casa Grande*, 195 Ariz. 349, 356 (Ariz. App. 1999); *Moran v. Pima Co.*, 145 Ariz. 183, 184. (Ariz. App. 1985). Here, Plaintiffs assert that the "courthouse doors" would be effectively closed to them because in state court they cannot recover attorney's fees or punitive damages. (Dkt. 22 at 10). The Court disagrees. First, none of the claims Plaintiffs bring here are precluded in state court. Second, this Court would apply the same substantive law as an Arizona court and the remedies would also be the same. Third, Plaintiffs have already been litigating in Yuma County for over a year, and have given no indication why that forum is inadequate to protect their rights. Fourth, since both Plaintiffs and Defendants are from Arizona, there can be no claim of bias against out-of-state litigants. Finally, the only reason that certain remedies are presently

1 unavailable to Plaintiffs in Arizona court is that Plaintiffs did not request them in their
2 pleadings. This factor weighs for abstention.

### F. Substantial similarity of state and federal actions

A dismissal or stay under *Colorado River* may be appropriate when the state and federal actions are "substantially similar." *Nakash*, 882 F.2d at 1416. In the present situation, the only difference between the claims asserted in state court and those asserted in this Court is the addition of the § 1983 claim. After reviewing the pleadings in these cases, this Court concludes that the actions are substantially similar. Both claims primarily concern the treatment of Ms. Aguilar while in custody, and the operative facts affecting the §1983 claim are not distinct from the state law claims. (Compl. ¶ 30-56, Dkt. 25-2, 2-8) Furthermore, the same parties are named in each suit, either specifically or as statutory beneficiaries or defendants, or could later be added. *Id*. This factor weighs for abstention.

### II. Conclusion

Many of the factors considered under *Colorado River* and its progeny weigh toward abstention, namely: the inconvenience of litigating in two fora, including travel to Phoenix; the likelihood of piecemeal litigation; the order of jurisdiction and the progress made in state court; the fact that the majority of the issues are matters of state law; the fact that the state court may hear all of the claims and grant all of the remedies requested here; the nearly identical nature of the case in state court with the instant case; and the likelihood that Plaintiffs are engaging in forum shopping. The question before this Court is whether the duplicative efforts, inefficiency, waste of judicial resources, and impediment to the comprehensive disposition of litigation this case will cause is sufficient to overcome this Court's weighty obligation to exercise the jurisdiction granted it. *Nakash*, 882 F.2d at 1415.

A district court may exercise jurisdiction over state law claims if they form part of the same case or controversy as a claim for which it has original jurisdiction. 28 U.S.C. § 1367(a). Nonetheless, a district court may decline to exercise that supplemental jurisdiction if the state law claims substantially predominate over the federal question, or if there are other compelling reasons for declining jurisdiction. § 1367(c)(2), (4). With respect to the

1 federal claim, if a court determines that some action is appropriate under the *Colorado River*
2 doctrine, a stay is preferable to a dismissal. "This holding ensures that the federal forum will
3 remain open if 'for some unexpected reason the state forum does turn out to be inadequate.'"
4 *Attwood v. Mendocino Coast Dist. Hosp.,* 886 F.2d 241, 243 (9th Cir. 1989) (citing *Cone*,
5 460 U.S. at 28). Subject to the foregoing, and considerations of wise judicial administration,
6 the best course would be to sever and dismiss the pendant state court claims and to stay the
7 § 1983 claim.

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND

In Plaintiffs' Response to Defendant Linde's Motion to Dismiss, they request leave to amend their complaint to add "various state law claims." (Dkt. 22 at 2). Local Rule of Civil Procedure 15.1 states that "a party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which shall indicate in what respect it differs from the pleading which it amends." Because Plaintiffs did not comply with LRCiv 15.1,ced the Court will deny their motion.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Dkt. 15) is **GRANTED IN PART** as follows: the Court shall **DISMISS** counts two, three, and four, and **STAY** count one pending the outcome of the state proceeding.

**IT IS FURTHER ORDERED** that the parties shall keep the Court appraised of the status of the underlying state proceeding

//

//

**IT IS FURTHER ORDERED** that Plaintiffs Motion for Leave to Amend (Dkt. 22) is **DENIED WITHOUT PREJUDICE**.

DATED this 2nd day of August, 2007.

_____
Stephen M. McNamee
United States District Judge