**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Aguilar, et al., ) | No. CIV 06-1683-PHX-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) | |
| Yuma County, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiffs' motion to reinstate claims due to change in circumstances (Dkt. 36). Plaintiffs request that the Court reinstate their state law claims and lift the stay imposed on their federal claim. Having considered the parties' arguments and memoranda, the Court issues this Order denying Plaintiffs' motion.

## BACKGROUND

### A.     Factual Background

Plaintiffs Ruth Aguilar, Rosa Moreno, Domonique Aguilar, Lee Montaldo and Francis Aguilar ("Plaintiffs") are relatives and statutory beneficiaries of the deceased, Margaret Aguilar ("Aguilar"). (Compl. ¶ 1-4). Linde, who does business as Northend Health Associates, contracted with Defendant Yuma County to provide medical services to inmates within the Yuma County Jail at the time the events giving rise to this action occurred.

On July 8, 2004, Aguilar was sentenced to 30 days incarceration for driving on a suspended driver's license, and subsequently booked into Yuma County Jail. (Compl. ¶ 25).

Plaintiffs allege that, during the period of her incarceration, the defendants' negligence and deliberate indifference to Aguilar's medical condition caused her death. (Compl. ¶ 25-27, 29).

### B. Procedural Background

On June 30, 2005, Plaintiffs filed suit in Yuma County Superior Court. They have since amended their original complaint. The most recent version, the Third Amended Complaint, asserts claims for: (1) negligence, (2) intentional infliction of emotional distress, and (3) wrongful death. (Dkt. 25). On July 5, 2006, Plaintiffs filed suit in this Court, asserting claims for: (1) violations of 42 U.S.C. § 1983; (2) negligence; (3) intentional infliction of emotional distress; and (4) wrongful death.

On December 11, 2006, Defendants moved to dismiss, or alternatively, to stay all federal court matters until the state case is resolved. (Dkt. 15, 16, 21.) On June 20, 2007, the parties appeared before the Court to provide oral argument on the pending motion. After considering the briefs filed by the parties and the arguments raised at oral argument, the Court dismissed Plaintiffs' state law claims and stayed the § 1983 claim pending the outcome of the state court proceeding (Dkt. 30).

Plaintiffs now request that the Court lift its stay of the § 1983 claim and reinstate its state law claims, arguing that the factors upon which the Court declined to exercise jurisdiction are no longer present (Dkt. 36). Plaintiffs' motion is based on Federal Rule of Civil Procedure 60(b)(6). Defendants responded to the motion and assert that the stay should remain in place pending outcome of the state court proceedings (Dkts. 37-39).

## STANDARD OF REVIEW

Rule 60(b) permits from a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Rule 60 reconsideration is generally appropriate in three instances:  (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice.  School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

**DISCUSSION**

In granting Defendants' motion to dismiss or stay the action, the Court weighed a number of factors.  (See Dkt. 30, Order dated August 2, 2007 ("Stay Order").)  These factors included (1) whether either the state or federal court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties; rights; (7) whether the proceedings are substantially similar, and (8) whether the second suit is an attempt to forum shop or avoid adverse rulings by the state court. (Id.); see also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976); see also Nakash v. Marciano, 882 F.2d 1411, 14116-17 (9th Cir. 1989).

Plaintiffs assert that the factors which warranted the Stay Order are no longer present, and thus relief from the Stay Order is justified under Rule 60(b)(6).  (Dkt. 36, Pls.' Mot. at 1-5.)  Specifically, Plaintiffs assert that the parties are no closer to trial in state court than they would be in this Court and that they lack a meaningful, prompt remedy in state court.  These assertions are based on delays of setting a Rule 16 conference in state court, and Defendants' request for an extension for their expert disclosure.  (Id.)  In opposing Plaintiffs' motion, Defendants contend that depositions of important witnesses and parties have already taken place in the state court proceeding, that a Rule 16 conference has been set, and that a delay in expert reports does not warrant lifting the stay.  (Dkt. 37, Defs.' Resp. at 2-3.)

Plaintiffs fail to set forth adequate grounds for relief from the Stay Order.  In deciding whether to issue the Stay Order, the Court found that each factor weighed in favor of

- 3 -

1 abstention pending the outcome of the state proceeding. (Stay Order at 4-7.) The only factor
2 which has arguably changed is factor (4), which considers the relative progress made in the
3 state and federal proceedings. A desire that the pre-trial phase of the state proceeding move
4 forward more quickly does not render reconsideration of the Stay Order "necessary to
5 prevent manifest injustice." ACandS, Inc., 5 F.3d at 1262. This is particularly true in light
6 of Defendants' uncontroverted statement of progress made in the state proceeding.
7 Accordingly,

8 **IT IS HEREBY ORDERED** denying Plaintiffs' motion to reinstate claims due to
9 change in circumstances (Dkt. 36). The parties shall continue to keep the Court appraised
10 of the status of the state proceeding.

11 DATED this 24th day of January, 2008.

Stephen M. McNamee
United States District Judge